Alison a. Bukata, Esq.
P.O. Box 800
Baldwinsville, NY  13027

Re:   LLOYD E. JOHNSON, JR.          CASE NO. 05-67469
      VIRGINIA A. MC BRIDE           CASE NO. 05-67476
      TRACY L. LOCKERBIE             CASE NO. 05-67481

                    Debtors

## LETTER DECISION AND ORDER

Before the Court for consideration are three motions ("Motions"), one filed in each of the above referenced cases by the Clerk of this Court, directing Debtors' counsel, Alison Bukata, Esq., to show cause before this Court why counsel should not be sanctioned for her failure to comply with the Court's Administrative Orders 02-03 and 03-01, as well as the Administrative Procedure for Filing, Signing and Verifying Pleadings and Papers by Electronic Means.  The Motions, dated 9/12/05, were brought before the Court by Order to Show Cause on September 27, 2005.  Debtors' counsel filed a Response and a Supplemental Response to each of the Motions.  The Court heard oral argument on the Motions at Utica, N.Y. on September 27, 2005.

Debtors' counsel acknowledges that she does not have a credit card, indicating that she has some moral issues with credit cards in general.  She indicates that she does maintain a debit card, which apparently draws upon a general checking account maintained by her.  She asserts that even though she attempts to transfer the filing fee for a particular client, paid to her in cash, into her general checking account at the time she files the client's bankruptcy petition, oft-times her bank does not transfer the necessary funds from her trust account (where the filing fee is initially deposited) to her general account quickly enough to cover the debit charge.  As a result, she has

2

attempted to pay the filing fees in the within cases, post filing, by check. She asserts that sometime prior to May 5, 2005, she was advised by a deputy clerk of this Court that she could continue to pay the necessary filing fee by sending in a check, which she, in fact, did on a number of occasions. She notes, that in some cases, she attempted to pay the fee in advance of filing the petition, but because her check could not be linked to an actual case number, it was rejected. Finally, she notes that on May 5, 2005, she received an e-mail from the Chief Deputy Clerk of this Court advising her that she would not be permitted to electronically file bankruptcy cases and then follow up the filing with a check for the fee. (See e-mail from Diann Freeman to Debtors' counsel, dated 08/05/2005, attached to the Order to Show Cause.)

The Court Supervisor, in his affidavit in support of the Order to Show Cause, relies upon this Court's Administrative Orders 02-03 and 03-01, as well as the Administrative Procedures for Filing, Signing and Verifying Pleadings and Papers by Electronic Means, asserting that "For filings that require a fee to be paid, the office of the Clerk will automatically draw payment from the credit card that will be provided with the attorney registration."

Debtors' counsel notes that the administrative procedure pertaining to electronic filing in the U.S. District Court for the Northern District of New York ("District Court") provides an option to pay filing fees either by check or credit card. She notes that the Administrative Procedures of this Court do not deal with the instance where the attorney does not maintain a credit card account, and she suggests that the Administrative Procedure places no limitation on the number of times that an attorney may present a check in lieu of a credit card. She opines that unless she can be exempted from the Administrative Procedures dealing with the use of a credit card to pay filing fees, she will effectively be prohibited from practicing law in this Court.

3

Federal Rule of Civil Procedure 83, as well as Federal Rules of Bankruptcy Procedure 5005(a)(2) and 9029, permit this Court to formulate local rules of practice where authorized by the District Court, as well as to establish practice and procedure for the filing, signing and verification of pleadings and papers by electronic means. It is pursuant to this authority that the Court has issued Administrative Orders 02-03, 03-01, as well as the Administrative Procedures For Filing, Signing and Verifying Pleadings and Papers By Electronic Means. Unquestionably, those Administrative Orders and Procedures place conditions on an attorney's ability to practice in the electronic world that the Federal Courts have become. For example, effective July 1, 2004, an attorney in this Court cannot even file a petition or a pleading unless and until he/she obtains a password issued by the Clerk. In order to obtain that password the attorney must "complete and sign ................................, a Credit Card Blanket Authorization Form (Form C) and attend the necessary training required by the Court." (See Administrative Procedures, I. Registration for the Electronic Filing System, page 1.) The Court believes that such requirements are neither arbitrary nor capricious and have been formulated in order to reasonably regulate electronic filing and service of petitions and pleadings. The Court is faced with a determination of whether or not adherence to those requirements supercedes the hardship that may be visited upon an individual attorney who either cannot or will not comply with them.

In the instant case, Debtors' counsel advances several arguments, none of which find favor with this Court. To allow counsel to circumvent the applicable e-filing requirements because of a moral prediliction to credit cards or a financial inability to keep an adequate balance in her office checking account would open the door to an exception that would ultimately swallow the requirement. Further, the Court notes that there are currently 1269 registered users of the Court's

4

electronic case filing (ECF) system, and Debtors' counsel is the only party who has challenged the credit card requirement.

In light of the foregoing, the Court will allow Debtor' counsel a period of 30 days from the date of this Letter Order to make the necessary arrangements to comply with Administrative Orders and Procedures referenced above. At the end of said period, if Debtors' counsel continues to file petitions and/or pleadings and attempts to pay the necessary filing fees by check, the Court will consider counsel to be in civil contempt of this Letter Decision and Order and will entertain an application by the Clerk of Court to levy the appropriate sanctions.

IT IS SO ORDERED.

Dated at Utica, New York

this 12th day of October 2005

/s/ Stephen D. Gerling
STEPHEN D. GERLING
Chief U.S. Bankruptcy Judge